**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Deryck Martin,<br><br>        Plaintiffs,<br><br>v.<br><br>Sam's West, Inc. aka Sam's Club,<br><br>        Defendants. | No. CV-23-01619-PHX-SMB<br><br>**ORDER** |

Before the Court is Defendant Sam's West, Inc.'s ("Sam's Club") Motion to Dismiss for failure to state a claim. (Doc. 14.) Defendant moves to dismiss under Federal Rules of Civil Procedure 12(b)(6). (*Id.* at 1.) Plaintiff Deryck Martin filed a response. (Doc. 21.) to which Plaintiff filed a Reply (Doc. 24.) Having considered the pleadings and relevant law, the Court will grant Defendant's Motion.

**I.    BACKGROUND**

This Motion stems from Plaintiff's complaint alleging violations of Title VII of the Civil Rights act of 1964, the Americans with Disabilities Act, and Arizona's Employment Protection Act. (Doc. 14 at 2.) Plaintiff originally filed his Complaint in Arizona state court however it then was removed to this Court. (Doc. 1.) Defendant now brings a motion to partially dismiss for failure to state a claim under Federal Rules of Civil Procedure 12(b)(6). (Doc. 14 at 1.) Specifically, Defendant moves to dismiss race/color discrimination and disability discrimination claims from Plaintiff's Third Amended Complaint ("TAC"). (*Id.*)

Plaintiff alleged in his TAC that after being employed by Defendant for eight years, he was terminated for attendance issues. (Doc. 13 at 2, 6.) Plaintiff alleges that he is part of a protected class, that he performed his job satisfactorily, and that he suffered adverse employment action. (Doc. 13 at 2, 8.) More specifically, Plaintiff alleges that his white supervisor and Defendant took punitive actions against him by locking him out of the building, disparately applying various attendance policies against him, issuing unwarranted disciplinary infractions, and ultimately discharging him. (Doc. 13 at 4, 6.) Defendants counter that Plaintiff has insufficiently pled facts to infer that Plaintiff, being a member of a protected class, was treated differently from similarly situated employees. (Doc. 14 at 6–7.) Specifically, Defendants argue that Plaintiff has not offered sufficient facts to support the allegation that other similar employees who were not black or with a disability were treated in a more favorable manner. (*Id.*)

**II.     LEGAL STANDARD**

To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). This requirement is met if the pleader sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Plausibility does not equal "probability," but requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss if it contains sufficient factual

matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In ruling on a Rule 12(b)(6) motion to dismiss, the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998). Although a complaint does not need detailed factual allegations to survive a 12(b)(6) motion, it must include "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 545.

### III.  DISCUSSION

Defendant argues that claims two and four should be dismissed because they fail to allege facts sufficient to show that similarly situated employees were treated more favorably than Plaintiff.

To support a prima facie discrimination claim Plaintiff must plausibly allege that: (1) he was a member of a protected class; (2) he performed his job satisfactorily; (3) he suffered an adverse employment action; and (4) his employer treated similarly situated employees outside of Plaintiff's protect class more favorably. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973). Neither party addresses the first three elements, but instead focuses on the fourth. Accordingly, and because the Court finds this element dispositive, it will focus its analysis on this element.

"In order to show that the employees allegedly receiving more favorable treatment are similarly situated . . . the individuals seeking relief must demonstrate, at the least, that they are similarly situated to those employees in all material respects." *Moran v. Selig*,

Case 2:23-cv-01619-SMB   Document 37   Filed 04/09/24   Page 4 of 5

447 F.3d 748, 755 (9th Cir. 2003). Plaintiff through his TAC alleges that although his supervisor frequently did not allow him to take his scheduled lunch, this supervisor did not take similar action toward any of the "non-black and non-disabled peers." (Doc. 13 at 3 ¶¶ 10–11.) Plaintiff also alleges that similarly situated non-black, non-disabled employees were not labeled "tardy" like he was and were given leniency in having their "tardy points" removed from their records. (*Id.* at 4–5 ¶¶ 16, 20; 18.) Plaintiff further alleges that he was "intentionally" subjected to a different COVID-19 attendance policy than other non-black, non-disabled employees. (*Id.* at 5 ¶ 23.)

Defendant argues that Plaintiff's TAC is conclusory and that he must allege specific facts demonstrating that an employee outside of the relevant classes was treated more favorably than Plaintiff while he was employed. (Doc. 14 at 7.) The Court agrees with Defendant. Plaintiff's TAC does not allege specific jobs of similarly situated employees, nor does it identify similar specific behaviors taken that were treated differently than his own. *Vasquez v. Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003) (a plaintiff must make a showing that employees with similar positions engaged in conduct of similar seriousness to his own yet were treated differently). Outside of conclusory statements that he was held to a different standard than other employees were, he does not elaborate on what "similarly situated" peers he is referring to, or which actions they took that were treated differently than his own similar actions. *See Sheets v. Winslow*, No. CV-19-08187-PCT-JJT, 2020 WL 3129249, at *3 (D. Ariz. June 12, 2020) (dismissing a discrimination claim where plaintiff "provided virtually no information to demonstrate similarity in what would be material in the context of a termination for committing policy violations").

As Defendant notes, Plaintiff does not give examples of employees who showed up late to work but were still allowed into the building, or committed the same policy violation but were disciplined less. (Doc. 24 at 3.) He also does not give any examples of similarly situated employees who were allowed to go on breaks without supervisor permission or did not experience difficulty in scheduling PTO—as he alleges he did. (Doc. 13 at 3.) Essentially, although Plaintiff pleads discrimination broadly, he offers no facts supporting


- 4 -

that other employee took similar actions, let alone that they took similar actions but received dissimilar treatment.

Therefore, the Court finds that Plaintiff does not satisfy his burden in pleading the fourth requisite element for a prima facie case of discrimination.

## IV. LEAVE TO AMEND

Although the Court should grant leave to amend when in the interests of justice, it should not be granted automatically. *See In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013). Here, despite being given leave to amend previously, Plaintiff's TAC fails to address the prior deficiencies in a way that suggests these failures would be curable if given another opportunity to amend. Accordingly, the Court will dismiss Plaintiff's disparate treatment discrimination claims (Count II and Count IV) without leave to amend.

## V. CONCLUSION

For the above reasons,

**IT IS ORDERED granting** Defendant's Motion to Dismiss for failure to state a claim (Doc 14.). Counts II and IV will be dismissed with prejudice.

Dated this 9th day of April, 2024.

_____
Honorable Susan M. Brnovich
United States District Judge